```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**TAMRA L. CUMMINGS,**

    **Petitioner,**

**v.**                                        **CIVIL ACTION NO. 1:04-1320**
                                            **CRIMINAL ACTION NO. 2:03-0261-03**

**DEBORAH HICKEY, WARDEN,**

    **Respondent.**

## MEMORANDUM OPINION

On July 20, 2004, petitioner filed a petition under 28 U.S.C. § 2241 contending a term of incarceration that was imposed upon her on March 6, 2000, was unconstitutional.[1] (See Doc. No. 1.) Petitioner argues that her rights under the Constitution of the United States have been violated pursuant to the United States Supreme Court's opinion in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).

28 U.S.C. § 1915A(a) directs courts to review complaints filed by prisoners against the government "before docketing, if feasible or . . . as soon as practicable after docketing" to ascertain whether they contain valid claims. Section 1915A(b)(1) directs the court to dismiss any complaint, or portions of any complaint, which contain claims that are "frivolous, malicious,

---

[1] By Standing Order, this case was initially referred to a magistrate judge for preparation of proposed findings and recommendation as to disposition. (Doc. No. 2.) To expedite this case's disposition, the court hereby **VACATES** the Standing Order, only as applied to this case.

or fail[] to state a claim upon which relief may be granted."
Id.

A search of the records of the Bureau of Prisons indicates that petitioner has been released as of the date of this opinion. Petitioner's case must fail because she has been released from prison. As such, by accompanying Judgment Order, petitioner's claim seeking release from prison is moot, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (holding that a "collateral consequence" of conviction must exist after a prisoner's release in order for her to continue to maintain a challenge to her confinement); Lopez v. Fed. Bureau of Prisons, 2006 WL 219607, *1 (D.P.R. 2006).

Because this case fails to state a claim upon which relief can be granted, in an accompanying Judgment Order, the court: (1) **DISMISSES** petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1); and (2) **DIRECTS** the Clerk to remove this action from the active docket of this court and to forward a certified copy of this Memorandum Opinion to all counsel of record and the petitioner, pro se.

IT IS SO ORDERED this 13th day of December, 2006.

ENTER:

David A. Faber
Chief Judge